IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEYLIN ALFORD, (TDCJ-CID #01762527) § § § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-14-3165 |
| § | |
| WILLIAM STEPHENS, § § § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

The petitioner, Weylin Alford, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state-court felony conviction for burglary of a habitation. Based on the petition and available online state-court records, this court finds that the petition must be dismissed for failure to exhaust state-court remedies.

A jury found Alford guilty of the felony offense of burglary of a habitation. (Cause Number 1404673). On October 2, 2014, the state court sentenced Alford to a 30-year prison term. Alford indicates that he filed a direct appeal but that he does not know the result. (Docket Entry No. 1, p. 3). Online research shows that Alford filed a state application for postconviction relief, which the Texas Court of Criminal Appeals dismissed on January 21, 2015 because Alford's direct appeal was pending. *See* Texas Judiciary Website, http://www.cca.courts. state.tx.us/. On November 4, 2014, this court received Alford's federal petition.

Prisoners must exhaust their claims in state court before applying for federal habeas collateral relief under § 2254, unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead*

*v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); 28 U.S.C. § 2254(b), (c).[1] A petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998) (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

In an order entered on January 26, 2015, this court directed Alford to file a written statement by March 2, 2015, showing why this court should not dismiss his federal petition for failing to exhaust available state-court remedies. (Docket Entry No. 5). Alford complied. (Docket Entry No. 6). But his response and exhibits do not allege or show facts supporting an exception to the exhaustion requirement. This federal petition is dismissed, without prejudice, because Alford did not first seek relief in the state courts. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the underlying claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[1] Title 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). The record does not make this showing. This court will not issue a certificate of appealability.

      SIGNED on April 9, 2015, at Houston, Texas.

                                                  Lee H. Rosenthal
                                                  United States District Judge